# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LITTLER MENDELSON, P.C., a California Professional Corporation,<br><br>Plaintiff,<br><br>v.<br><br>POLSINELLI P.C., a Missouri Professional Corporation,<br><br>Defendant. | Civil Action No.:<br>1:21-cv-3855-MLB |

## POLSINELLI P.C.'S OMNIBUS MOTION TO STRIKE, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO DISMISS COUNTS VI AND X

The three questions before the Court are, first, whether a defendant must respond to and defend allegations that are completely immaterial to the claims brought against it; second, whether a defendant must respond to vague and ambiguous claims against it; and third, whether a plaintiff can raise causes of action that are preempted by Georgia statute. The answer to all three questions is no. Pursuant to Federal Rules of Civil Procedure 12(f), 12(e), and 12(b)(6), Defendant Polsinelli P.C. ("Polsinelli") brings this Motion to Strike, Motion for More Definite Statement, and Motion to Dismiss for failure to state a claim upon which relief can

be granted.

***First***, Polsinelli respectfully asks this Court to strike the allegations identified below in whole or in part from specific paragraphs in Plaintiff Littler Mendelson, P.C.'s ("Littler") Second Amended Complaint on the grounds that they are immaterial, impertinent, and redundant.  The allegations discussing former Defendant Melissa Mann ("Mann") are highly prejudicial, and more importantly, utterly immaterial, to the claims against Polsinelli.  For example, the first four counts of the Second Amended Complaint are causes of action brought exclusively against Mann.  Because this Court has dismissed Mann *with prejudice* (Doc. 67), the allegations only serve to prejudice Polsinelli and have no bearing on the claims being litigated.  Polsinelli should not be made to defend against or respond to these allegations or causes of action.  It also creates confusion as to which allegations Littler contends supports its claims against Polsinelli, as opposed to Mann.

Based on Rule 12(f), and explained more in the accompanying Memorandum of Law, the following paragraphs should be stricken in full and/or part from the Second Amended Complaint:

(Introduction)
- Paragraph 1 in its entirety;
- Paragraph 4 in part to remove all mentions of "Mann";

(Parties and Jurisdiction)

- Paragraph 7 in its entirety;
- Paragraph 8 in its entirety;
- Paragraph 9 in its entirety;
- Paragraph 16 in part to remove the mention of "Mann";

(Littler Employee Policies)

- Paragraphs 21 through 28 in their entirety;

(Mann and Littler)

- Paragraph 29 through 33 in their entirety;
- Paragraph 35 in its entirety;

(Mann's Unauthorized Removal of Littler Information)

- Paragraphs 36 through 41 in their entirety;

(Polsinelli and Littler's Clients, Home Care Toolkit and Former Employees)

- Paragraph 42 through 44 in their entirety;
- Paragraph 48 in part to remove the mention of "Mann";
- Paragraph 53 in part to remove the mention of "Mann";
- Paragraph 54 in part to remove the mention of "Mann";

(Count 1: Breach of Fiduciary Duty/Duty of Loyalty-Against Def. Melissa Mann)

- Paragraphs 69[1] through 74 in their entirety;

---

[1] Littler's Second Amended Complaint contains two sets of paragraphs 69-71. (Doc. 57 at pp. 18-19.) Cited here are the second set of paragraphs 69-71 under Count I.

-3-

(Count 2: Replevin-Against Defendant Melissa Mann)

- Paragraphs 75 through 79 in their entirety;

(Count 3: Trover-Against Defendant Melissa Mann)

- Paragraphs 80 through 85 in their entirety; and

(Count 4: Conversion-Against Defendant Melissa Mann)

- Paragraphs 86 through 91 in their entirety.

***Second***, Polsinelli respectfully asks this Court to order Littler to provide a more definite statement regarding its allegations that it has protected trade secrets that Polsinelli misappropriated. Polsinelli cannot reasonably respond to these vague and ambiguous allegations because Littler has provided no information to identify these alleged trade secrets. If it is Littler's position that its allegations would contain information of a potentially sensitive and protected nature, Polsinelli hereby stipulates that it would not object to Littler filing a third amended complaint partially under seal, pursuant to the Local Rules and Standing Order, *for the limited purpose* of identifying these alleged trade secrets. Specifically, Polsinelli asks this Court to order Littler to supplement the allegations contained in: (1) Count VII, paragraph 107, which states vaguely that "Littler's confidential and proprietary information, including, but not limited to client files, Toolkit templates, client contact lists and other unique information" is protected trade secrets that Polsinelli allegedly misappropriated. (Doc. 57 at ¶ 107); (2) Count VII, paragraph 108, which states

-4-

"Littler exerts substantial, reasonable efforts to keep its confidential, proprietary, trade secret information a secret, which includes, by [*sic*] is not limited to, maintenance of confidentiality and non-disclosure policies and agreements." (*Id.* at ¶ 108); and (3) Count VII, paragraph 109, which states, "Littler derives economic value from such secrecy . . ." (*Id.* at ¶ 109.) As written, Polsinelli is unable to form a response or defense to these allegations.

**Third**, Polsinelli respectfully asks this Court to dismiss Littler's Tortious Interference with Business Relations (Count VI) and Unjust Enrichment (Count X) claims on the grounds that the Georgia Trade Secrets Act ("GTSA") preempts such common law tort claims. Specifically, when common law and tort claims are based on the same alleged conduct and injury that form the basis of a trade secrets misappropriation claim, they are preempted by the GTSA. Here, the allegations and conduct that Littler alleges in the Second Amended Complaint in support of Counts VI and X of the Second Amended Complaint mimic the same allegations and conduct that are pled under its claim of Misappropriation of Trade Secrets and Proprietary Information in Violation of GTSA (Count VII). Therefore, Polsinelli asks this Court to dismiss these redundant and preempted claims because they are nothing more than dressed-up efforts to recover for misappropriation of trade secrets, and as such, are superseded by the GTSA.

Respectfully submitted this 13th day of July, 2022.

*/s/ Eric L. Barnum*
Eric L. Barnum
Georgia Bar No. 039305
ebarnum@bakerlaw.com
Georgia L. Turner
Georgia Bar No. 495910
gturner@bakerlaw.com

**BAKER & HOSTETLER LLP**
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia 30309-3676
Telephone: (404) 459-0050

*Counsel for Defendant Polsinelli P.C*

4875-7137-2584.3

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this document was prepared using 14-point Times New Roman font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 13th day of July, 2022.

                                         */s/ Eric L. Barnum*
                                         Eric L. Barnum
                                         Ga Bar No. 039305

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that, on this day, the foregoing POLSINELLI P.C.'S OMNIBUS MOTION TO STRIKE, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO DISMISS COUNTS VI AND X was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

This 13th day of July, 2022.

*/s/ Eric L. Barnum*
Eric L. Barnum
Ga Bar No. 039305