# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| LITTLER MENDELSON, P.C., a California Professional Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>POLSINELLI P.C., a Missouri Professional Corporation,<br><br>       Defendant. | Civil Action No.:<br>1:21-cv-3855-MLB |

## POLSINELLI P.C.'S MEMORANDUM OF LAW IN SUPPORT OF OMNIBUS MOTION TO STRIKE, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO DISMISS COUNTS VI AND X

ERIC L. BARNUM
Georgia Bar No. 039305
ebarnum@bakerlaw.com
GEORGIA L. TURNER
Georgia Bar No. 495910
gturner@bakerlaw.com

**BAKER & HOSTETLER LLP**
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia  30309-3676
Telephone: (404) 459-0050

*Counsel for Defendant Polsinelli P.C*

Defendant Polsinelli P.C. ("Polsinelli") hereby files this Memorandum of Law in Support of its Omnibus Motion to Strike, Motion for More Definite Statement, and Motion to Dismiss Counts VI and X, and respectfully submits that this Court should strike all immaterial, impertinent, and prejudicial paragraphs from Plaintiff Littler Mendelson, P.C.'s ("Littler") Second Amended Complaint, under Federal Rule of Civil Procedure 12(f); order that Littler provide a more definite statement identifying which materials, documents and information it alleges are its trade secrets under Rule 12(e); and dismiss Counts VI and X under Rule 12(b)(6) because they are preempted by state law.

## I.     <u>INTRODUCTION</u>

Polsinelli is a national law firm with over 900 lawyers and staff, all working collectively and collaboratively in service to its clients.  As part of its onboarding practices for new lateral attorneys, Polsinelli instructs each not to use or transfer client documents to Polsinelli without the permission of the clients.  Consistent with these practices, Polsinelli has not received or utilized any client documents in connection with former Littler attorneys choosing to move their practices to Polsinelli other than the documents clients explicitly, in writing instructed Littler to transfer to Polsinelli when Angelo Spinola, William Vail and Anne Mellen (collectively the "Lateral Partners") joined Polsinelli.

The client file documents that Littler delivered to Polsinelli belonged to the respective clients, and, pursuant to each client's instructions, Polsinelli took possession by proper means.  By definition such documents cannot be a "trade secret" of Littler and, therefore, any claims based on such allegations are baseless. This is consistent with the fact that in transferring the client files documents to Polsinelli, Littler never gave Polsinelli any warnings, limitations, unique conditions, restrictions, or even instructions regarding the documents.

Moreover, instead of assisting clients in the transfer of their legal representation to Polsinelli, Littler commenced a campaign of threats based on vague allegations of its intellectual property interests.  Littler continued making such baseless allegations despite Polsinelli providing all reasonable assurances to Littler that it had no interest in any documents Littler may allege were or could have been improperly taken by anyone leaving its firm (regardless of whether Littler can establish an intellectual property interest in such documents).  Further, for over one year Polsinelli communicated to Littler in clear and unambiguous terms that it only intended to use documents obtained directly from Littler per explicit, written client instructions.  Before filing the Second Amended Complaint, Littler never objected to Polsinelli's use of any of these documents.

4871-8759-3768.2

The Second Amended Complaint, which was filed more than one year after the Lateral Partners joined Polsinelli, is simply Littler's effort to restrict their former lawyers and former clients from maximizing the relationship of trusted advisor that is the hallmark of the profession.  Littler's Second Amended Complaint and this litigation are antithetical to the attorney-client relationship.  The pursuit of claims against Polsinelli and the allegations made against the Lateral Partners seeking to better serve their clients does a disservice to Littler's former clients and to the legal profession as a whole.

Beyond being disruptive to the attorney-client relationship and the legal profession, Littler's Second Amended Complaint aims to prejudice and confuse the claims against Polsinelli by including allegations that are redundant, immaterial, and impertinent, and are, therefore, subject to being stricken in whole or in part under Federal Rule 12(f).  In addition, Littler's alleged trade secrets are not identified with any level of specificity, making those allegations unreasonably vague and ambiguous and require a more definite statement under Rule 12(e).[1]  Finally, Littler's claims for tortious interference with business relations, and for unjust

---

[1] As written, it appears Littler is putting forth arguments that would be tantamount to enforcing non-competes against lawyers.  Since Polsinelli does not believe Littler would argue this, it needs a more definite statement to understand what files Littler alleges are subject to protection.

-3-

enrichment, are preempted as a matter of law by the Georgia Trade Secrets Act and should be dismissed under Rule 12(b)(6).

## II.     ARGUMENT AND CITATION OF AUTHORITIES

### A. This Court Should Strike all Immaterial and Impertinent Paragraphs in the Second Amended Complaint that Relate to Former Defendant Melissa Mann.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).  "Generally, a court will not exercise its discretion to strike 'unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Knous v. United States*, 981 F. Supp. 2d 1365, 1367 (N.D. Ga. 2013) (citation omitted); *see also Coard-Seabrooks v. Fed. Express Corp.*, No. 106CV02717ODERGV, 2007 WL 9702220, at *2 (N.D. Ga. Mar. 22, 2007), *report and recommendation adopted,* No. 1:06-CV-2717-ODE, 2007 WL 9702334 (N.D. Ga. Apr. 23, 2007) (motions to strike are "within the discretion of the Court to grant") (citation omitted). "A purpose of motions to strike is to prevent wasting unnecessary time and expense of the parties and the Court." *Fed. Trade Comm'n v. U.S. Work All., Inc.*, No. 1:08-

-4-

CV-2053-WSD, 2009 WL 10669724, at *3 (N.D. Ga. Feb. 24, 2009).

Here, the allegations specific to former defendant Melissa Mann ("Mann")[2] are both immaterial and impertinent, and separately highly prejudicial. In this context, immaterial describes allegations "having no value in developing the issues of the case", and impertinent "consists of any allegation 'not relevant to' the issues 'involved in the action and which could not be put in issue or be given in evidence between the parties.'" *Oaks v. City of Fairhope, Alabama*, 515 F. Supp. 1004, 1032 (S.D. Ala. 1981) (citations omitted). The claims and allegations made against Mann are immaterial and impertinent because the claims made against Polsinelli, specifically, tortious interference with contractual relations, tortious interference with business relations, misappropriation of trade secrets and proprietary information, civil conspiracy, aiding and abetting, breach of fiduciary duty and duty of loyalty, and unjust enrichment, have nothing to do with any claims against Mann, who is a non-party based on her prior dismissal with prejudice. (Doc. 67.) To illustrate, paragraphs 21 through 28 are an extensive recitation of Littler's purported Employee Handbook for Non-Attorneys. The allegations set forth specific terms of employment between Mann and Littler that were, presumably, negotiated and agreed

---

[2] The specifically objectionable allegations and paragraphs Polsinelli seeks to strike are described in full in the corresponding Motion.

upon between the two of them.  Polsinelli has no reasonable way of determining the veracity of the allegations and can neither admit nor deny them.  Additionally, paragraphs 29 to 35 explain Mann and Littler's relationship – allegations Polsinelli would have no way of responding to – and Counts I-IV are brought exclusively against Mann – a party who has already been dismissed *with prejudice*.  (*See* Doc. 57 ¶¶ 69-91, Doc. 67.)  Polsinelli should not be forced to respond to allegations clearly intended to state claims against a dismissed defendant.  Moreover, it would be a waste of the parties' time and resources – and a drain on limited Court resources – to litigate the merits of causes of action brought against an individual who no longer has an interest in the outcome of the case.

In a case similar to this, the Eastern District of New York granted a motion to strike allegations against dismissed defendants.  *Huang v. GW of Flushing I, Inc.*, No. 17-cv-3181, 2019 WL 145528, at *8 (E.D.N.Y. Jan. 9, 2019).  In *Huang*, the court dismissed multiple defendants from the first amended complaint and directed the plaintiff to file a second amended complaint "conforming to the Court's dismissal of defendants." *Id.* at *2.  The plaintiff filed a second amended complaint against the remaining six defendants that did not fully comply with the court's directive: allegations "relating to defendants that were dismissed from [the] case" remained. *Id.* at *7.  The court granted defendants' motion to strike as it pertained to portions

of the identified paragraphs, finding that "excision is warranted, to the extent [the paragraphs] reference dismissed corporate defendants and non-parties, all of whom, the Court has ruled, Plaintiff has no standing to sue," and noting that "the continuing inclusion of these non-parties serves only to create confusion as to the parties being sued in this action." *Id.* at *8.

Similarly, in *Coard-Seabrooks*, this Court granted defendant FedEx's motion to strike allegations in plaintiff's amended complaint seeking to add individual defendants. 2007 WL 9702220, at *2. The court noted that adding defendants would be futile based on caselaw applicable to plaintiff's claims and "would result in clear prejudice to . . . FedEx because of the certain and unnecessary delay of the proceedings . . . [and] unwarranted depletion of the Court's resources." *Id.* (footnote omitted).

This Court should exercise its discretion to strike all allegations and counts specific to Mann. They are immaterial, impertinent, and prejudicial to Polsinelli and therefore subject to removal from the Second Amended Complaint under Federal Rule 12(f).

**B. This Court Should Order a More Definite Statement Because Littler's Allegations Regarding Trade Secret Materials are so Vague and Ambiguous that Polsinelli Cannot Reasonably Prepare a Response.**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  The purpose of this Rule is "to enable the respondent to formulate defensive pleadings." *Kimberly-Clark Corp. v. Kleenize Chem. Corp.*, 194 F. Supp. 876, 879 (N.D. Ga. 1961).  Where, as here, the complaint makes it "virtually impossible" "to discern what the plaintiff is claiming and to frame a responsive pleading", "a defendant "is not expected to frame a responsive pleading," but should instead seek a more definite statement.  *Anderson v. District Bd. of Trs. of Central Fla. Community Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, and the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Id.* at 367.  While motions for more definite statement are generally disfavored, they are granted where the plaintiff fails to put a defendant "on notice of the specific acts that it is alleging constitute [objectionable conduct]." *Peniel Sols., LLC v. Weems Design Studio, Inc.*, No. 1:17-CV-01799-RWS, 2017 WL 8809633, at *4 (N.D. Ga. Aug. 3, 2017); *see also Chef Merito, Inc. v. Gonzalez*,

-8-

No. 1:20-CV-1242-AT, 2020 WL 5548339, at *10 (N.D. Ga. Aug. 19, 2020) (granting motion for more definite statement because complaint "contain[ed] insufficient facts to support a claim" for slander).

As written, Count VII makes it nearly impossible for Polsinelli to know what Littler trade secrets it has allegedly misappropriated and why it is liable for that conduct. The alleged "trade secrets" are vaguely identified as "client files, Toolkit templates, client contact lists and other unique information." (Doc 57 ¶ 107.) Indeed, only three documents are identified with specificity, and one appears to be a publicly available brochure. Littler provides no explanation as to how this brochure could be a trade secret nor does it identify any other "trade secrets" with specificity.

As described in the Second Amended Complaint (*see, e.g., id.* at ¶ 13), several former Littler attorneys chose to leave Littler and join Polsinelli. In connection with doing so, numerous clients instructed Littler to transfer their files to Polsinelli – which resulted in Polsinelli receiving client files and client contact information directly from Littler. Because the files Polsinelli has from Littler are those directly provided by Littler, it is hard to understand what "trade secrets" could mean or whether the client files that Littler was instructed to send to Polsinelli make up part of Littler's trade secret claim. The only specifically identified "trade secret[]"

-9-

documents are the three documents described in paragraph 58, which are not "client files" or "Toolkit templates"; however, Littler notes these are "without limitation[.]" (*Id.* at ¶ 58.)  This fails to meet the specificity required for a defendant to be on notice of the claims against it, and this is especially true in the context of alleging trade secrets.  *See, e.g., DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 680-81 (N.D. Ga. 2007) (noting a "defendant is entitled to know the bases for plaintiff's charges against it" when raising trade secret claims).

Adding more confusion is the Second Amended Complaint's definition of "Information", which is defined narrowly and explained in paragraph 1 as follows: "Littler is compelled to bring this action against Melissa Mann, a former employee, because she removed the Firm's intellectual property, confidential information, and/or privileged information (collectively, "Information") without authorization just prior to leaving Littler to join Polsinelli." (Doc 57 ¶ 1.)  Polsinelli is unable to discern how that definition applies to the allegations against it since it is limited to "Information" allegedly taken by Mann, who has since been dismissed from the case. To further illustrate the ambiguity, Littler seeks "immediate" and permanent injunctive relief pursuant to O.C.G.A. § 10-1-762.  (*Id.* at ¶¶ 115, 118.)  However, as pled, Polsinelli is wholly unable to discern which specific documents Littler alleges were misappropriated trade secrets, as opposed to properly transferred client

files, that are subject to said "immediate" injunctive relief.  Nor is Polsinelli able to determine whether some or all of the documents voluntarily transferred include Littler trade secrets – or which portions of those documents contain trade secrets.

A more definite statement is necessary here for the additional reason that it may reveal additional grounds for dismissal for failure to state a claim or for judgment on the pleadings.  By way of example, Littler, at present, alleges that Polsinelli has misappropriated three categories of trade secrets: (1) "client files"; (2) "Toolkit templates"; and (3) "client contact lists."  (Doc. 57 ¶ 107.)  On their face, but without further clarification in the Second Amended Complaint, at least two of these categories appear barred as a matter of law and policy.

It is well settled in Georgia that client files are the property of the client.  *Swift, Currie, McGhee & Hiers v. Henry,* 581 S.E.2d 37, 39 (Ga. 2003) ("[A] document created by an attorney belongs to the client who retained him."); Ga. State Bar, Formal Advisory Op. 87-5 (1998) ("[T]he duty to turn over client files and papers" extends broadly "to those for which the client has been or will be charged, that is, all work product created during 'billable time.'  For matters that are handled under arrangements other than hourly charges, any work product intended for use in the case would be included in those documents that should be returned to the client.").  As such, Littler does not have standing to assert a trade secret claim to the client

files.  In the alternative, client files are not trade secrets because they are "readily ascertainable by proper means" and not "the subject of efforts . . . to maintain [their] secrecy," because they belong to clients, who can share them at will.  O.C.G.A. § 10-1-761(4).  Littler's allegations in paragraphs 108 and 109 do not identify client files or Toolkit templates, any efforts to keep client files or Toolkit templates secret to Littler, or any facts regarding how the client files and templates are not readily ascertainable by proper means.

It is likewise well settled that attorneys moving from one law firm to another are permitted to share client lists with their target firms to clear conflicts. *See, e.g.,* Ga. R. Prof'l Conduct 1.6(b)(1)(v) (lawyer may reveal client information "to detect and resolve conflicts of interest arising from the lawyer's change of employment"); *id.* cmt. 18 ("when a lawyer is considering an association with another firm," the lawyer may disclose information to detect conflicts of interest including (i) "the identity of the persons and entities involved in a matter" and "a brief summary of the general issues involved").

If a law firm were entitled to assert trade secrets claims for sharing client lists to clear conflicts and transferring clients' files at the clients' request, then any and all law firms could effectively prevent lawyers from moving firms – which they axiomatically cannot do.  *See, e.g.*, Ga. R. Prof'l Conduct 5.6 (proscribing

-12-

agreements that "restrict[] the right of a lawyer to practice after termination of the relationship"); ABA Formal Op. 489 ("Lawyers have the right to leave a firm and practice at another firm. Likewise, clients have the right to switch lawyers or law firms, subject to approval of a tribunal, when applicable (and conflicts of interest). The ethics rules do not allow non-competition clauses in partnership, member, shareholder, or employment agreements.").

As such, Polsinelli asks this Court to order Littler to submit a more definite statement regarding what it believes constitute trade secrets that have been misappropriated by Polsinelli. Polsinelli hereby stipulates that it would not oppose Littler filing a third amended complaint partially under seal *for the limited purpose* of identifying the alleged trade secret information.

## C. Littler's Tortious Interference with Business Relations and Unjust Enrichment Claims Are Preempted by the Georgia Trade Secrets Act.

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Hunt v. Aimco Props., L.P.,* 814 F.3d 1213, 1221 (11th Cir. 2016) (citation omitted). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Moreover, the allegations must amount to "more than labels and

-13-

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The Georgia Trade Secrets Act ("GTSA") generally supersedes "conflicting" common law theories of recovery predicated on misappropriation of trade secrets. *Diamond Power Intern., Inc. v. Davidson*, 540 F.Supp.2d 1322, 1344 (N.D. Ga. 2007); O.C.G.A. § 10–1–767(a) (providing that the GTSA "shall supersede conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret."). However, this does not affect claims sounding in contract or "[o]ther civil remedies that are not based upon misappropriation of a trade secret." O.C.G.A. § 10–l–767(b).

"[T]he only pertinent Georgia case, *Tronitec, Inc. v. Shealy*, 249 Ga.App. 442, 547 S.E.2d 749, 755 (2001), appeared to have adopted the rule that tort claims are superseded 'to the extent that they contain the same factual allegations as the claim for use or misappropriation of trade secrets.'" *Diamond Power,* 540 F.Supp.2d at 1344 (quoting *Penalty Kick Mgmt. Ltd. v. Coca Cola Co*., 318 F.3d 1284, 1297 (11th Cir. 2003)). The court in *Penalty Kick* opined that when the plaintiff's entire tort claim relies on the same allegations and conduct as the allegations and conduct supporting the plaintiff's claim for misappropriation of trade secret, the claims are "conflicting" and thus precluded. *Id*. This is so because "the GTSA is the exclusive

-14-

remedy for misappropriation of trade secrets, and plaintiff cannot plead an alternative theory of recovery should the information ultimately not qualify as trade secrets." *Opteum Fin. Servs., LLC v. Spain*, 406 F.Supp.2d 1378 (N.D. Ga. 2005) (quoting *AutoMed Techns., Inc. v. Eller*, 160 F.Supp.2d 915, 921– 22 (N.D. Ill. 2001)).

In the present case, Littler brings claims against Polsinelli for tortious interference with business relations (Doc. 57 ¶ 97- 105), misappropriation of trade secrets in violation of the Georgia Trade Secrets Act (*id.* at ¶ 106- 118), and unjust enrichment (*id.* at ¶ 131-138).  Those causes of action all focus on Littler's creation and use of Toolkit and other alleged confidential trade secret information. Polsinelli's alleged wrongful taking of the confidential information within Toolkit, and elsewhere, is the basis of Littler's trade secrets claim.  Paragraphs 103 – 105 (Count VI), paragraph 107 (Count VII) and paragraphs 133 – 134 and 136 – 137 (Count X) of the Second Amended Complaint all speak to alleged trade secrets theft or taking by Polsinelli, but purport to support different causes of action.  In truth, each cause of action is premised on the same set of facts and alleged improper conduct that violate the GTSA.

Similar to the plaintiff in *Diamond Power*, Littler alleges that by Polsinelli acquiring its proprietary information, Polsinelli has become more competitive in the

4871-8759-3768.2

market, and gained revenue from current and prospective clients it expected to continue having "an advantageous economic and professional relationship with." (Doc. 57 ¶ 98.) *See also Diamond Power,* 540 F.Supp2d at 1347.  The conduct Littler describes is merely a rephrasing of the conduct alleged to equate to a misappropriation of trade secrets.

Moreover, in order to prove tortious interference with contractual or business relations, "a plaintiff must show defendant: (1) acted improperly and without privilege, (2) acted purposely and with malice with the intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with the plaintiff, and (4) caused plaintiff financial injury." *Bacon v. Volvo Serv. Ctr., Inc*., 597 S.E.2d 440, 444 (Ga. Ct. App. 2004).  Again, similar to the plaintiff in *Diamond Power*, Littler has not "point[ed] to a single individual that was induced not to enter into or continue a business relationship", nor has Littler "made any attempt to distinguish the [ ] conduct or injury it relies upon for its misappropriation claim from that required for [ ] its interference-with-business-relations [claim]." *Diamond Power*, 540 F.Supp.2d at 1347.  Therefore, Littler's claim against Polsinelli for tortious interference with business relations should be dismissed because the Second Amended Complaint does not provide details of additional and/or different misconduct than what is provided in support of their misappropriation claim, as

-16-

evidenced by the failure to assert these vital elements of their claim. The GTSA preempts Littler from bringing this tort claim.

Likewise, the conduct that Littler alleges supports their claim for unjust enrichment is a reiteration of the conduct that was alleged under the misappropriation claim. Essentially, Littler's Second Amended Complaint uses the unjust enrichment claim as an opportunity to emphasize the value that Littler alleges Polsinelli owes based on alleged misappropriation of trade secrets. There is no additional and/or different conduct alleged that would differentiate the claims. Therefore, the GTSA also preempts Littler from bringing a claim for unjust enrichment.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Polsinelli respectfully requests that the Court strike the allegations, paragraphs and counts enumerated in its Motion, order Littler to provide a more definite statement of its claims of alleged trade secret violations, and dismiss Littler's tortious interference with business relations and unjust enrichment claims.

[SIGNATURES FOLLOW ON NEXT PAGE]

-17-

4871-8759-3768.2

Respectfully submitted this 13th day of July, 2022.

*/s/ Eric L. Barnum*
Eric L. Barnum
Georgia Bar No. 039305
ebarnum@bakerlaw.com
Georgia L. Turner
Georgia Bar No. 495910
gturner@bakerlaw.com

**BAKER & HOSTETLER LLP**
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia  30309-3676
Telephone: (404) 459-0050

*Counsel for Defendant Polsinelli P.C*

-18-

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this document was prepared using 14-point Times New Roman font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 13th day of July, 2022.

*/s/ Eric L. Barnum*
Eric L. Barnum
Ga Bar No. 039305

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that, on this day, the foregoing POLSINELLI P.C.'S OMNIBUS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO DISMISS COUNTS VI AND X was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

This 13th day of July, 2022.

*/s/ Eric L. Barnum*
Eric L. Barnum
Ga Bar No. 039305