# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LITTLER MENDELSON, P.C., a California Professional Corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>MELISSA MANN, a Florida resident AND POLSINELLI, P.C., a Missouri Professional Corporation,<br><br>  Defendant. | Case No. 1:21-cv-03855-MLB |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Section II(J) of Appendix H to the Civil Local Rules for this Division, as well as this Court's Standing Order Regarding Civil Litigation, Plaintiff Littler Mendelson, P.C. ("Littler") seeks leave to file both a redacted and an unredacted, sealed version of (a) its Memorandum in Support of its Motion For Temporary Restraining Order, Preliminary Injunction, And Expedited Discovery; (b) supporting Declaration of Joshua C. Vaughn and Exhibit A thereto; and (c) supporting Declaration of Dara D. Mann and Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R and S thereto. In support thereof, Littler states as follows:

## I. BACKGROUND

On March 9, 2022, Littler filed its Second Amended Complaint against Defendant Polsinelli, P.C. ("Polsinelli"). Dkt. 49. The Complaint seeks damages and injunctive relief from Polsinelli in connection with, among other things, former defendant Melissa Mann's ("Mann") and former Littler shareholder (and current Polsinelli shareholder), Angelo Spinola's ("Spinola") knowing and intentional removal and transfer of Littler's confidential, proprietary, trade secret or otherwise protected information ("Littler Information") for the purpose of supporting both Mr. Spinola's practice at Polsinelli, a Littler competitor, and the development of the Polsinelli Online Solutions for Homecare ("POSH"), a competitor to Littler's Home Care Toolkit ("Toolkit").

Littler contemporaneously files its provisionally under seal (a) Memorandum in Support of *Ex Parte* Motion for Temporary Restraining Order, Permanent Injunction and Expedited Discovery ("Motion"); (b) Declaration of Joshua Vaughn and Exhibit A thereto; and (c) Declaration of Dara D. Mann and Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R and S thereto, all of which contain confidential or protected information subject to the Court's Protective Order (Dkt. 23) (collectively, the "Protected Information").

For the reasons set forth below, good cause exists to allow these documents to remain confidential, and thus, sealed and/or redacted from the public record.

Accordingly, Littler respectfully requests that this Court grant its Motion, and enter an Order permitting the filing of a public redacted version and sealed, unredacted version of the Protected Information.

## II. LEGAL STANDARD

A district court has discretion in deciding whether to release judicial records and it should have a "sensitive appreciation of the circumstances that led to . . . [the] production [of the particular document[s] in question]." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This Circuit has held that materials containing "proprietary or trade secret information may be permissibly filed under seal." *Corbett v. Transportation Security Administration*, 767 F.3d 1171, 1183 (11th Cir. 2014); *Smith v. Nat'l Life Ins. Co.*, 2013 Ga. State LEXIS 176, *4 (Fulton Cty. Ct., Mar. 15, 2013) ("O.C.G.A. § 10-1-765 requires a Court to preserve trade secrets by reasonable means").

The relevant factors to be considered by the Court include: (a) whether allowing access would impair court functions or harm legitimate privacy interests; (b) the degree and likelihood of injury if the information is made public; (c) whether the information involves public officials or public concerns; and (d) whether there is a less onerous alternative to sealing the documents. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Notably, "[t]he presumption of public access is lower for materials that do not directly affect an adjudication of matters

before a court." *Christiansen v. Wright Med. Tech. Inc. (In re Wright Med. Tech. Inc.)*, No. 1:13-CV-297-WSD, 2015 U.S. Dist. LEXIS 194558 at * 8 (N.D. Ga. Oct. 29, 2015).

### III. ARGUMENT

Good cause supports filing the publicly redacted documents and unredacted documents under seal with regard to the Protected Information. *Smith v. Nat'l Life Ins. Co.*, 2013 Ga. State LEXIS 176, *5 ("good cause requires a showing that disclosure of the trade secret will work a 'clearly defined and serious injury' to the moving party.") Even where the common law right of access applies, which Littler contends is inapplicable here, sealing a document is appropriate upon a showing of good cause. *See Romero*, 480 F.3d at 1245. The good cause standard requires a balancing of the public's interest in accessing court documents against a party's interest in keeping the information confidential. *See Chicago Tribune*, 263 F.3d at 1313; *Romero*, 480 F.3d at 1246.

Here, Littler's memorandum in support of its motion for injunctive relief provides considerable details regarding Littler's confidential, proprietary, trade secret or otherwise protected information improperly transferred from Littler's systems, Defendant Polsinelli's ongoing use of said Information, and Littler's efforts to maintain the Information's confidentiality and exclusivity to Littler. The Protected Information in its memorandum that Littler seeks to redact and place under seal

includes: (a) confidential financial information relating to Littler's Toolkit; (b) details regarding the Toolkit that give it a competitive edge; (c) documents designated confidential pursuant to the Protective Order; and (d) deposition testimony designated confidential pursuant to the Protective Order.

The Vaughn Declaration contains confidential Toolkit financial information which could damage Littler competitively if released publicly, and Exhibit A to the Vaughn Declaration contains confidential Toolkit subscriber details including the subscriber's name and contact information and credit card payment terms.

Portions of the Declaration of Dara D. Mann and Exhibits A through R of the Mann Declaration are (a) confidential communications between Littler and Polsinelli seeking to address Littler's concerns with the extraction, transfer and use of its Information and seeking its voluntary return or destruction and (b) confidential documents produced by Ms. Mann pursuant to the Protective Order and the court-ordered forensic examination of her personal devices and accounts. Exhibit S of the Mann Declaration is Ms. Mann's court-ordered deposition testimony, in pertinent part, which was designated confidential pursuant to the Protective Order.

None of the Confidential Information has been disclosed to the public by Littler (or any other individual or entity to Littler's knowledge). The Confidential Information has been maintained routinely as confidential by the company. Any

disclosure would subject Littler or others to harm, provide an unearned advantage to third parties and competitors, or violate the Court's Protective Order.

Further, at least three additional reasons support a finding of good cause to seal the Protected Information. First, the Protected Information is discussed at a general level in the memorandum. The memorandum, Declaration of Joshua Vaughn and Exhibit A thereto, and Declaration of Dara D. Mann will only be partially redacted. Although the actual exhibits will be redacted, the Mann declaration will only be partially redacted. Accordingly, these filings will remain open and accessible by the public for their review, thereby preserving the public's ability and right to understand the judicial reasoning behind any (eventual) rulings in this matter. *See FTC v. Abbvie Prods., LLC,* 713 F.3d 54, 71 (11th Cir. 2013) (explaining that the right of access to judicial records is designed to promote public understanding of judicial process and decision-making).

Second, disclosure of the Toolkit, POSH and Litter Information details in the Protected Information would irreparably harm Littler and provide its competitors with an unfair and unearned advantage while withholding of same from public view would not impair any court functions. *See D. H. Pace Co. v. Aaron Overhead Door Atlanta Llc*, No. 1:17-CV-3430-MHC, 2019 U.S. Dist. LEXIS 238969, at *7 (N.D. Ga. Sept. 9, 2019) (finding plaintiff had a legitimate interest in keeping its confidential, proprietary, and trade secret information confidential and that no less

restrictive measure other than sealing the entire exhibit would suffice); *see also Arnold v. State Farm Fire & Cas. Co*., No. 2:17-cv-00148-TFM-C, 2019 U.S. Dist. LEXIS 148502, at *15 (S.D. Ala. Aug. 30, 2019) (finding the sensitive nature of data is supported and appropriate for seal when it is comprised of substantial internal information and the party has exercised lengths to limit access to and dissemination of that information, even among its own employees).

Third, the Protected Information does not mention or relate to public officials or public concerns. The relevant documents are the confidential and proprietary documents of Littler and are tendered in support of Littler's claims against Polsinelli which also relate to Ms. Mann. This Circuit has routinely given deference to individual privacy interests in similar matters. *Classic Soft Trim, Inc. v. Albert*, No. 6:18-cv-1237-Orl-78GJK, 2020 U.S. Dist. LEXIS 218313, at * 7 (M.D. Fla. Sept. 22, 2000) (finding good cause to file documents with highly sensitive, confidential, proprietary and trade secret materials under seal); *Wireless v. Macy'S, Inc.*, No. 6:18-cv-64-Orl-37GJK, 2019 U.S. Dist. LEXIS 239807, at * 8 (M.D. Fla. Jul. 15, 2019) (finding good cause to seal confidential and commercially sensitive information because exposing [a party's] business and litigation information to the public . . . would harm [the party's] competitive position with other retailers).

Littler's request is narrowly tailored to the Protected Information. Accordingly, the Court should grant the instant motion and permit the filing of the Protected information as-redacted publicly and under seal unredacted.

## **CONCLUSION**

For the aforementioned reasons, Littler respectfully requests that the Court grant its Motion and direct the Clerk to accept and file under seal or redacted the Protected Information.

Dated: July 29, 2022

*/s/ Dara D. Mann*
Dara D. Mann (Ga. No. 469065)
Francisco J. Rolon (Ga. No. 549139)
SQUIRE PATTON BOGGS (US) LLP
1201 W Peachtree St., Suite 3150
Atlanta, Georgia 30309
Tel.: +1 678 272 3221
Fax: +1 678 272 3211
Dara.Mann@squirepb.com
Francisco.Rolon@squirepb.com


David S. Elkins (*pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
1801 Page Mill Road Suite, 110
Palo Alto, California 94304
Tel.: +1 650 856 6500
Fax: +1 650 843 8777
David.Elkins@squirepb.com

*Attorneys for Plaintiff*
*Littler Mendelson, P.C.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned certifies that the brief has been prepared with one of the fonts and point selections approved by the Court in L.R. 5.1 (B).

*/s/ Dara D. Mann*
Dara D. Mann

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE UNDER SEAL** to all counsel of record via the Court's CM/ECF system.

This 29th day of July, 2022.

>  */s/ Dara D. Mann*
>    Dara D. Mann