IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LITTLER MENDELSON, P.C., a California Professional Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>POLSINELLI, P.C., a Missouri Professional Corporation,<br><br>Defendant. | Case No. 1:21-cv-03855-MLB |

### PLAINTIFF'S OPPOSITION TO POLSINELLI'S EMERGENCY MOTION TO ALTER TIME TO RESPOND

Plaintiff Littler Mendelson, P.C. ("Littler") respectfully submits this opposition to Defendant Polsinelli, P.C.'s ("Polsinelli") Emergency Motion to Alter Time to Respond (the "Motion) (Dkt. 83). For the reasons set forth below, Defendant's Motion should be denied.

### ARUGMENT AND LEGAL SUPPORT

Plaintiff's *Ex Parte* Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Discovery ("TRO Motion") (Dkt. 81) seeks Court intervention to address ***ongoing and immediate harm*** being endured by Littler as a result of Polsinelli's misappropriation and continued misuse of the confidential, proprietary, trade secret or otherwise protected information ("Littler Information" in Littler's Home Care Toolkit ("Toolkit") for use in the Polsinelli Online Solution

for Healthcare ("POSH"). Although Littler is not opposed to a short delay in the hearing of its TRO Motion given defense counsel's pre-noticed leave of absence,[1] there is no just cause to delay hearing on the TRO Motion by more than 30 days because of said leave or Polsinelli's desire for an extended "briefing period" on an *ex parte* motion.

    First, Polsinelli fails to show the Court why opposition briefing is necessary on an *ex parte* motion, much less why a response period of thirty days is required merely because lead counsel for Polsinelli (but, notably, not all counsel for Polsinelli) has a pre-existing leave of absence on record. Indeed, generally speaking, the Court may order hearings and rule on *ex parte* motions without awaiting responsive briefing. *Holmes v. Dominique*, No. 1:13-CV-04270-HLM, 2014 U.S. Dist. LEXIS 189469, at *2 (N.D. Ga. May 5, 2014) (finding that with an *ex parte* motion for temporary restraining order no response from defendant is necessary and the motion is ripe for resolution); *see Am. Veteran Enter. Team, LLC v. Silver Falcon, Inc.*, No. 6:21-cv-647-CEM-EJK, 2021 U.S. Dist. LEXIS 114377,

---

[1] As stated in counsel's exchange with Chambers (attached as Exhibit A to Defendants' Motion), Littler defers to the Court with regard to scheduling matters in connection with its TRO Motion. To the extent the Court entertains a briefing schedule as Polsinelli requests, Littler asks only that said schedule accommodate both opposition and reply briefing and that the deadlines accommodate a hearing as soon as possible after Mr. Barnum's leave ends.

at *1 (M.D. Fla. Apr. 30, 2021)( "Because the Motion was filed ex parte, no response is expected, and the Motion is ripe for review.").

Second, Polsinelli states only in a conclusory manner that "serious potential harm to non-party home healthcare providers" will occur if Littler's TRO Motion is not "fully briefed and addressed by Polsinelli." Mot. at 3. Entirely absent from the Motion is any explanation or factual support for this so-called "potential harm." The fact of the matter is that, as shown more fully in its TRO Motion, Littler is the only party experiencing actual harm in real-time. Littler's TRO does not invade Polsinelli's ability to use "client files" in connection with said client's legitimate business interests. Rather, Littler's TRO Motion squarely is aimed at the Littler Information, including Toolkit materials, Polsinelli improperly is selling on POSH and actively marketing to the Toolkit's subscriber base as "Polsinelli" works.

Third, Polsinelli nonsensically argues Littler does not need immediate court intervention because it has engaged in good faith efforts to resolve its concerns out of Court and "was able to wait over two and a half weeks" from realizing further efforts were pointless before filing its TRO Motion. The fact that a party seeks to ameliorate the harm it is experiencing from another's actions without instantaneous resort a TRO does not mean the party is not experiencing harm. It simply means that, on balance, the party is willing to bear some harm temporarily in the hopes of achieving a voluntary resolution. However, once voluntarily resolution becomes

impossible and the harm becomes unbearable, the party is fully-entitled to seek immediate redress from the Court to curb the harm. *See, e.g., Larweth v. Magellan Health, Inc.*, 841 F. App. 146, 158-59 (11th Cir. 2021) (upholding TRO despite months-long delay due to settlement discussions). Further, Polsinelli's argument ignores that, also during that same "two and a half weeks" following the breakdown of resolution efforts, it filed a Motion to Dismiss to which Littler timely responded while also coordinating to bring its TRO Motion.[2] Having now sought Court intervention and being reasonable in its effort to accommodate opposing counsel's prescheduled leave, Littler should not be forced to endure undue delay so that Polsinelli can have the luxury of responsive briefing on an *ex parte* motion where none is required.

## CONCLUSION

For the foregoing reasons, Littler respectfully asks this Court to deny Polsinelli's emergency request for an extended response deadline.

Dated: August 1, 2022　　　　　　　　　　*/s/ Dara D. Mann*
　　　　　　　　　　　　　　　　　　　　Dara D. Mann (Ga. No. 469065)
　　　　　　　　　　　　　　　　　　　　Francisco J. Rolon (Ga. No. 549139)

---

[2] Littler denies Polsinelli's suggestion that its TRO Motion intentionally was designed to impact counsel's leave. The motion was filed to protect Littler's interests at Littler's earliest ability and was filed despite (as opposed to "because of") counsel's leave.

SQUIRE PATTON BOGGS (US) LLP
1201 W Peachtree St., Suite 3150
Atlanta, Georgia 30309
Tel.: +1 678 272 3221
Fax: +1 678 272 3211
Dara.Mann@squirepb.com
Francisco.Rolon@squirepb.com

David S. Elkins (*pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
1801 Page Mill Road Suite, 110
Palo Alto, California 94304
Tel.: +1 650 856 6500
Fax: +1 650 843 8777
David.Elkins@squirepb.com

*Attorneys for Plaintiff*
*Littler Mendelson, P.C.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned certifies that the brief has been prepared with one of the fonts and point selections approved by the Court in L.R. 5.1 (B).

*/s/ Dara D. Mann*
Dara D. Mann

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing **PLAINTIFF'S OPPOSITION TO POLSINELLI'S MOTION TO ALETER TIME TO RESPOND** to all counsel of record via the Court's CM/ECF system.

This 1st day of August, 2022.

                                                */s/ Dara D. Mann*
                                                Dara D. Mann