## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LITTLER MENDELSON, P.C., a California Professional Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>POLSINELLI P.C., a Missouri Professional Corporation,<br><br>       Defendant. | Civil Action No.:<br>1:21-cv-3855-MLB |

## POLSINELLI P.C.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS OMNIBUS MOTION TO STRIKE, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO DISMISS COUNTS VI AND X

ERIC L. BARNUM
Georgia Bar No. 039305
ebarnum@bakerlaw.com
GEORGIA L. TURNER
Georgia Bar No. 495910
gturner@bakerlaw.com

**BAKER & HOSTETLER LLP**
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia  30309-3676
Telephone: (404) 459-0050

*Counsel for Defendant Polsinelli P.C*

# I.     INTRODUCTION

Defendant Polsinelli P.C. ("Polsinelli") files this Reply in further support of its pending Omnibus Motion to Strike, Motion for More Definite Statement, and Motion to Dismiss Counts VI and X (the "Motion").  (DE 77.)  On July 27, 2022, Plaintiff Littler Mendelson, P.C.'s ("Littler") filed its Opposition to the Motion.  (DE 78.)  In short, Littler argues that: (1) its tortious interference with business relations and unjust enrichment claims are not preempted by the Georgia Trade Secret Act ("GTSA") because those claims are based on non-trade secret information – although that is not what the Second Amended Complaint alleges; (2) even though Littler does not know what alleged trade secret information is at issue in this case, Polsinelli should somehow be able to discern what alleged trade secret information it has from Littler; and (3) *all* allegations against the now-dismissed (with prejudice) defendant Melissa Mann ("Mann") should remain in the Second Amended Complaint because *some* are tied to Polsinelli in the Second Amended Complaint. Littler's arguments are without merit, and this Court should grant the pending Motion in full.

4862-4482-6925.1

## II.    ARGUMENT

### A. Counts VI and X are Due to be Dismissed Pursuant to Federal Rule 12(b).

This Court should dismiss Littler's tortious interference with business relations (DE 57, Count VI ¶¶ 97-105) and unjust enrichment (DE 57, Count X ¶¶ 131-138) claims because they are preempted by the GTSA.  To avoid the preemptive effect of the GTSA, Littler argues – despite the GTSA's plain language and caselaw in this district – that the GTSA is not intended to preempt its alternative theories of recovery.  Along those lines, Littler argues its Second Amended Complaint distinguishes its trade secret versus non-trade secret allegations to avoid the GTSA's preemptive effect.  Both arguments are meritless.

As a preliminary note, Littler cites the improper legal standard for the Court's consideration of a motion to dismiss.  The pleading bar is not "exceedingly low." Opposition pp. 11-12 (quoting *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp.*, 711 F.2d 989, 994-95 (11th Cir. 1983)).  Under *Twombly* and *Iqbal*, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1210 (11th Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court need not credit legal conclusions couched as facts.  *See Ponder v. Ocwen Loan Servicing, LLC*, 362 F. Supp. 3d 1275, 1279 (N.D. Ga. 2018) (citing *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009)).  Here, Littler asks the Court to make extrapolations and accept its legal conclusions as true when reviewing its tortious interference and unjust enrichment claims.  Opposition at p. 12.  For example, Littler says "the Court must accept as true Littler's allegations that . . . Polsinelli encouraged its co-conspirators to take Littler's documents and information; the information consisted of both trade secret . . .  and non-trade secret[1] confidential information . . .  Littler has a proprietary interest in the information …" and so on.  *Id.*  These are unsupported legal conclusions; they are not factual allegations that the Court must accept as true at the pleading stage.

Littler argues that this Court's opinion *Angel Oak Mortgage Solutions LLC v. Mastronardi* supports finding that the tortious interference and unjust enrichment claims are not preempted. -- F. Supp. 3d --, No. 1:20-cv-4583-MLB, 2022 WL 875910 (N.D. Ga. Mar. 23, 2022); Opposition pp. 13-14.  However, the opinion stands for quite the opposite.  In *Angel Oak*, the plaintiff specifically alleged for one of its causes of action that defendant violated a Georgia statute by taking "proprietary information that does not qualify as trade secret information."  2022 WL 875910, at *2.  Other causes of action on the other hand made general allegations that defendant stole plaintiff's "information" or expressly based the count on alleged trade secret

---

[1] The term "non-trade secret" is not in the Second Amended Complaint.

information.  *Id.*  The court held that the GTSA preempted any claims in the later-referenced counts that were either based on items identified as trade secrets, or which plaintiff did not identify as nontrade secrets.  *Id.* at **2-5.

The Opposition goes lengths to argue that its tortious interference and unjust enrichment claims "are not based upon misappropriation of a trade secret." Opposition p. 13 (quoting O.C.G.A. § 10-1-767(b)).  But those arguments are belied by the actual allegations contained within the Second Amended Complaint.  Counts VI and X cite to the alleged trade secrets throughout.  For example, Count VI repeatedly cites to the Toolkit (DE 57 ¶¶ 98, 99, 100, 101, 103, 104), which are allegedly trade secret files according to Littler, and Count V repeatedly cites to Polsinelli's unjust enrichment for Littler's "trade secrets".  (*Id.* ¶¶ 133, 134, 136, 137.)  In addition, these counts incorporated by reference each preceding paragraph, including those Littler included to support its claim for misappropriation of trade secrets.  (*Id.* ¶¶ 97, 131.) To avoid the preemptive effect of the GTSA, Littler needed to identify the specific non-trade secret allegations, if any, that support the tortious interference and unjust enrichment claims, as opposed to the misappropriation of trade secrets claim.  The allegations supporting each are substantially the same, based on Littler's alleged "trade secrets," and incorporated by reference to each

cause of action.  As such, the tortious interference with business relations (Count

VI) and unjust enrichment (Count X) claims cannot withstand the motion to dismiss.

**B. The Court Should Order Littler to File a More Definite Statement Regarding its Alleged Trade Secrets Claim.**

In its pending Motion, Polsinelli demonstrated that Littler must provide a

more definite statement concerning its trade secrets claim.  In response, Littler

impermissibly included new purported "facts" about the allegedly misappropriated

documents.  The Court should not consider these new arguments, guised as "facts"

introduced for the first time in the Opposition, and should grant Polsinelli's Motion.

In addition, Littler asks this Court to consider its Second Amended Complaint under

the pre-*Twombly/Ibqal* "liberal" pleading standard.  Opposition p. 5 (quoting *Roe v.

Aware Woman Ctr. for Choice, Inc*., 253 F.3d 678, 683 (11th Cir. 2001) (affirming

dismissal of complaint even under the former liberal notice pleading standard)).

When Littler's Second Amended Complaint and the allegations contained therein

are reviewed as required under *Twombly/Iqbal*, Littler fails to plead facts sufficient

to put Polsinelli on notice of the trade secret claims against it.

Polsinelli asks this Court to order Littler to supplement paragraphs 107

through 109, which recite the elements of a trade secrets claim in a conclusory

fashion and obliquely identify "client files, Toolkit templates, client contact lists,

and other unique information" as allegedly misappropriated trade secrets.  (DE 77 at

-6-

pp. 4-5 (quoting DE 57 at ¶¶ 107-109).)  The Opposition attempts to introduce new "facts" concerning purportedly misappropriated documents, but these are simply arguments because they are not allegations within the Second Amended Complaint, so the Court should not consider them in deciding this Motion.  For example, Littler asserts, without any citation, that the "Toolkit Subscribers" document is a "comprehensive spreadsheet listing more than 4,000 Toolkit subscribers (including without limitation Littler attorneys with subscriber access), the subscribers' email addresses, length of membership, and dates of last access to the Toolkit."  Opposition p. 7.  Likewise, Littler describes an end user licensing agreement that it purportedly requires Toolkit subscribers to sign.  *Id.* at p. 10, n.4.  Littler also says the "Home Care Toolkit Subscription Database" contains such information as subscribers' "business name, business contact, states of operation", and the like.  *Id.* at p. 7.  But Littler did not allege a single one of those things in its Second Amended Complaint. *Compare* DE 57 ¶¶ 40, 58 *with* Opposition pp. 7, 10, n.4.

Courts view the face of the complaint for allegations supporting claims, not those added in opposition briefs.  *See Walton v. Sec'y of Veterans Affs.*, 2014 WL 793591, at *4 (N.D. Ga. Feb. 17, 2014) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss") (citation omitted).  This Court should not credit any arguments in the Opposition, guised as

-7-

"facts", which are not contained in the Second Amended Complaint.

In addition, Littler plainly ignores how vague, ambiguous, and confusing its definition of "Information"[2] is, or the issue with its request for injunctive relief (now facing Polsinelli due to Littler's recent "*Ex Parte*" motion (DE 81)).  Motion pp. 10-11.  Instead, Littler states it is enough to provide "*general descriptions* of the *categories* of confidential and proprietary documents at issue that *may* constitute trade secrets."  Opposition p. 9 (emphasis added).  Not so.  The Second Amended Complaint and allegations contained therein are insufficient on their face to give notice of the trade secret claims it brings against Polsinelli and are therefore due for amendment under Federal Rule 12(e).

Polsinelli asks this Court to require Littler to amend its Second Amended Complaint "*for the limited purpose* of identifying the alleged trade secret information." (DE 77-1 at p. 13 (emphasis in original).)  Other than that, Littler's throwaway request for leave to amend the Second Amended Complaint in full should be ignored.  Opposition pp. 3 n.1, 18-19.[3]  Polsinelli opposes any amendment beyond

---

[2] Defined narrowly as "Littler is compelled to bring this action against Melissa Mann, a former employee, because she removed the Firm's intellectual property, confidential information, and/or privileged information (collectively, "Information") . . ." (DE 57 ¶ 1.)

[3] Littler's suggestion in footnote 8 of the Opposition that it notified Polsinelli of its intention to request leave to file an amended complaint fails to mention that it did so only after Polsinelli's undersigned counsel notified it of its intent to file the pending

its request for a more definite statement regarding Littler's trade secret claim (Count VII).  To seek leave to amend, Littler must show the Court Federal Rule 15 is satisfied.  In addition, the Court should consider the pending Motion based on what is currently on the record – not what Littler may be permitted to file in the unforeseen future.

### C. Portions of the Second Amended Complaint that Are Immaterial Should be Struck Pursuant to Federal Rule 12(f).

Lastly, this Court should strike the immaterial and impertinent allegations specific to former defendant (*see* DE 67) Mann pursuant to Federal Rule 12(f), as set forth in the Motion.  (DE 77 at pp. 2-3.)  Counts 1-4 in the Second Amended Complaint remain and are brought exclusively against Mann.  Polsinelli also did not ask this Court to strike all allegations mentioning Mann, like Littler suggests; rather, Polsinelli enumerated specific allegations that have no bearing on the claims against Polsinelli and therefore only serve to confuse the issues and prejudice Polsinelli.

Trying to avoid those facts, Littler cites allegations in the Second Amended Complaint where it has attempted to tie Mann's actions to Polsinelli, *i.e.*, that Mann's actions were done at the direction and encouragement of Polsinelli.

---

Motion.  Polsinelli's undersigned counsel was also clear Polsinelli could not consent to an amended complaint without seeing the proposed amendments, which, at the time of this filing, it still has not seen.

Opposition p. 5 (citing Second Amended Complaint ¶¶ 2-4, 36, 39-30 [*sic*], 48-63, 69).  Yet, Polsinelli's Motion does not ask the Court to strike many of those cited allegations, including paragraphs 2-3, 49-52, and 55-63.  The question for the Court is not whether the "thrust" (Opposition p. 5) of the allegations specific to Mann – all clumped together – are immaterial and impertinent.  Instead, the question is whether under Rule 12(f), the allegations enumerated in the pending Motion are "redundant, immaterial, impertinent, or scandalous" and therefore due to be stricken.  *See, e.g., Beaulieu v. Bd. of Trustees of Univ. of W. Fla.*, No. 3:07CV30-RV/EMT, 2007 WL 2900332, at *1 (N.D. Fla. Oct. 2, 2007) (granting motion to strike allegation of retaliation in the middle of Title VII allegations because it is immaterial to that claim).  Thus, the allegations cited in the pending Motion should be stricken in full. (*See* DE 77 at pp. 2-3.)

## III.   CONCLUSION

For the foregoing reasons, Polsinelli respectfully asks this Court to grant its pending Motion, dismiss Counts VI and X in full, order Littler to provide a more definite statement regarding its alleged trade secret allegations, and strike all immaterial portions of the Second Amended Complaint.

Respectfully submitted this 10th day of August, 2022.

/s/ Georgia L. Turner
Eric L. Barnum
Georgia Bar No. 039305
ebarnum@bakerlaw.com
Georgia L. Turner
Georgia Bar No. 495910
gturner@bakerlaw.com

**BAKER & HOSTETLER LLP**
1170 Peachtree Street, NE, Suite 2400
Atlanta, Georgia  30309-3676
Telephone: (404) 459-0050

*Counsel for Defendant Polsinelli P.C*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this

document was prepared using 14-point Times New Roman font, one of the font and

point selections approved by the Court in Local Rule 5.1(C).

Respectfully submitted this 10th day of August, 2022.

/s/ Georgia L. Turner
Georgia L. Turner
Ga Bar No. 495910

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that, on this day, the foregoing POLSINELLI P.C.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS OMNIBUS MOTION TO STRIKE, MOTION FOR MORE DEFINITE STATEMENT, AND MOTION TO DISMISS COUNTS VI AND X was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

This 10th day of August, 2022.

*/s/ Georgia L. Turner*
Georgia L. Turner
Ga Bar No. 495910