# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LITTLER MENDELSON, P.C., a California Professional Corporation,<br><br>     Plaintiff,<br><br>v.<br><br>POLSINELLI P.C., a Missouri Professional Corporation,<br><br>          Defendant. | Civil Action No.:<br>1:21-cv-3855-MLB |

## <u>DECLARATION OF SEAN R. GALLAGHER</u>

I, Sean R. Gallagher, declare as follows:

1.   I am a shareholder at Polsinelli, PC ("Polsinelli").  I am licensed to practice law in the State of Colorado.

2.   I was appointed by Douglas S. Laird, the General Counsel of Polsinelli, to serve as Deputy General Counsel for Polsinelli in connection with matters related to the recruitment and onboarding of Angelo Spinola, Anne Mellen and William Vail.

3.   I have personal knowledge of the facts set forth in this declaration.

4.   At the direction of Douglas Laird, I conducted a review commencing on

March 5, 2021 of email exchanged between Angelo Spinola, Anne Mellen, Will Vail, Melissa Mann and representatives of our firm to determine if our firm was currently in possession of Littler's property or work product. During the course of my review, I located three documents that I was concerned might be deemed by Littler to be its work product. These documents were emailed by Mr. Spinola on February 12, 2021 so that Polsinelli could conduct a conflicts check of clients Mr. Spinola wished to serve should he join the firm. The three documents I located were entitled "Copy of Home Care Toolkit Subscription Database 2.12.21.XLSX", "Toolkit Subscribers 2.11.21.CSV", and "Homecare Practice Group Brochure Draft – c.docx". Those documents were attached to an email of that date that was sent to Melissa Mann, Larissa Kruzel, Frank Patry and Will Vail.

5.  The February 12, 2021 Spinola email containing the three documents was forwarded the following day to Polsinelli administrative staff members Rene Evans, Aisha Soderberg, Chelsea Stone, Ron Paquette, Jennifer Bartley, Samantha Liu, Rose Moran and Shea Brakefield, under the heading "Transition Documents."

6.  Based on my discovery of these documents, Polsinelli General Counsel

Douglas Laird sent a letter to Littler's counsel David Elkins advising Mr. Elkins of the discovery of these emails and attachments.   That letter identified the three attached documents by name, and Mr. Laird told Mr. Elkins that "I can confirm that these documents have only been used for the purpose of checking conflicts and will not be used by Polsinelli to solicit clients or to set rates or prices for any of our services."  *See* Exh. A.

7.   On June 23, 2021 Dara Mann wrote Mr. Laird addressing several issues. Among the issues raised was Polsinelli efforts to market an online client platform called Polsinelli Online Solutions for Home Care ("POSH") that provides home health, home care and hospice clients a source for industry information and template documents.   Ms. Mann asked that "Polsinelli advise Littler as soon as possible of all measures undertaken by Polsinelli to ensure that POSH is not contaminated with any Littler documents, information or material (*other than properly transferred client files*) (emphasis supplied)."  *See* Exh. B.

8.   On August 23, 2021 I sent a letter to Ms. Mann responding to her letter of June 23, 2021.  I began the letter by summarizing the correspondence to date between the parties concerning Polsinelli's intended use of the client file transfer documents that had been transferred by Littler in response to

requests from former Littler clients (hereinafter "Client File Transfer Documents").    The purpose of the letter was for me to clearly and unequivocally state Polsinelli's intentions with regard to use of the client transfer documents.  I told Ms. Mann "*it is Polsinelli's understanding that Littler has no objection to Polsinelli's use of client files Littler transferred to Polsinelli which is consistent with our understanding that the client files (including any which may also reside in Littler's HomeCare Toolkit) would not be subject to copyright protection by Littler because they either belong to the clients, or are forms or originated from a source other than Littler.* If, however, Littler takes the position that Polsinelli is somehow restricted in the use of any of the documents Littler has transferred, then we cannot address those concerns without Littler specifically identifying the transferred documents it claims to be Littler original works subject to legal protection by Littler.    Without Littler specifically identifying such documents, Polsinelli will rely upon Mr. Spinola's understanding as to the origin of the documents (emphasis supplied)." *See* Exh. C.

9.  Ms. Mann responded to my August 23 letter on August 26, 2021.  In that letter, Ms. Mann was explicit that Littler did not object to Polsinelli's use of Client File Transfer Documents on POSH.  Rather Littler's concern was with

documents that might have been transferred by Melissa Mann or Mr. Spinola via external drives or email.  Ms. Mann stated: "Mr. Spinola improperly transferred multiple Littler files to a personal storage device and personal email account. . . . *It is these improperly transferred documents that are the subject of Littler's inquiry with regard to POSH*.  For the removal of any doubt, please confirm that POSH does not, has not and will not contain any of the documents improperly removed by Mr. Spinola and his team from Littler's premises and IT systems (emphasis supplied)." *See* Exh. D.

10. Seven days later, on August 30, 2021, I participated in a telephone call with Polsinelli Chief Legal Officer James Berglund and Littler's counsel Dara Mann.  One of the purposes of the call was to introduce Mr. Berglund, who had just joined Polsinelli, to Ms. Mann, as well as to seek clarification of earlier correspondence exchange between the parties.  At that time, Mr. Berglund and I confirmed with Ms. Mann that POSH does not, has not and will not contain any documents improperly removed by Mr. Spinola or others from Littler.  Rather, we stated that POSH would only contain material from the client file transfer and new content created by Polsinelli.

11. During the course of the August 30 call, Mr. Berglund and I raised the issue of Polsinelli's intended use of Client File Transfer Documents.   We

specifically asked Ms. Mann whether Polsinelli can use the client files transferred by Littler with other clients.  Ms. Mann responded that she "can't answer that question."  Ms. Mann said that she "would have to engage our IP people."  Mr. Berglund then specifically asked Ms. Mann whether Littler intended to assert a restriction on the use of these Client File Transfer Documents or those clients or for any clients.  Ms. Mann that this was going to require a "discussion between the client and IP counsel."

12. I wrote Ms. Mann on September 2, 2021 to confirm the items we discussed on our call on August 30.  My letter to Ms. Mann left no doubt as to how Polsinelli intended to use the documents that Littler had voluntarily transferred via the client file transfers.  I stated "[a]s we stated, Polsinelli lawyers intend to use those documents in connection with our ongoing representation of the clients that instructed Littler to transfer the documents. *The transferred documents may be stored on POSH as part of a document repository for those clients or reside on POSH in the form of a template designed to provide information and forms for clients and subscribers*. Polsinelli also intends to use the documents transferred to it by Littler for representation of other clients consistent with the long-standing industry practice in which lawyers use documents utilized for one client as a base for

creating documents to be utilized for different clients – whether it be by posting versions of those documents to POSH to be accessed by different clients and their designees or otherwise (emphasis supplied)." *See* Exh. E.

13. Mr. Berglund and I had a follow-up telephone conversation with Ms. Mann, and Littler General Counsel George Wood on September 7, 2021. Issues related to client file transfers were again discussed, and once again Littler did not raise any issue with the plan Polsinelli had already disclosed to use Client File Transfer Documents to service clients who had transferred from Littler to Polsinelli as well as new clients.

14. Ms. Mann wrote to me immediately after the September 7 call to "summarize[] the discussion during our call this morning." At no point in that letter did Ms. Mann interpose any objection to the proposed course of action concerning the Client File Transfer Documents described in my letter of September 2, 2021 and discussed earlier that day in our telephone call. *See* Exh. F.[1]

15. I certify under penalty of perjury that the foregoing is true and correct.

---

[1] Exhibit F is filed without the attachment to the letter because Littler has marked it confidential and attorney's eyes only.

Executed this 10ᵗʰ day of August 2022.


_____
Sean R. Gallagher

# EXHIBIT A



900 W. 48th Place, Suite 900, Kansas City, MO 64112 • (816) 753-1000

April 5, 2021

Douglas S. Laird
816.360.4341
dlaird@polsinelli.com

Via Email

David S. Elkins, Esq.
david.elkins@squirepb.com
Squire Patton Boggs (US) LLP
1801 Page Mill Road, Suite 110
Palo Alto, CA 94304

　　　**Re:　　Littler Mendelson PC**

Dear Mr. Elkins:

　　　Thank you for your letter dated March 23, 2021.  As I have stated in our previous telephone calls, our firm has been very careful during the on-boarding process with Mr. Spinola and his team to ensure that client confidences and Littler's proprietary information are protected, and I write today to address your concerns.  You are correct that we were informed Littler terminated Mr. Spinola's employment shortly after it happened.

　　　**Work Product.**  You asked that we explain the measures we took and are taking to ensure that Littler's work product did not make its way onto our systems. Although some of our business practices are proprietary, I can tell you that we have emphasized during this transition (as we do with all or most transferring lawyers) that our firm strives very hard to comply with all of the ethical rules relating to movement of lawyers between firms and that Mr. Spinola and his team must comply with the ethical rules applicable in their states.  Moreover, we understand that Mr. Spinola and the other members of his team have retained counsel to advise them in this regard, and we have worked with their counsel to confirm that the applicable rules are followed.

　　　Following our last call, we conducted an investigation to determine if our firm was in possession of Littler's property or work product.  We located three documents that were provided by Mr. Spinola on February 12, 2021 so Polsinelli could run conflicts checks and ensure our administrative staff was prepared to adequately represent and support client needs when Mr. Spinola moved to Polsinelli. The three documents we believe may constitute work product are: "Copy of Home Care Toolkit Subscription Database 2.12.21.XLSX", "Toolkit Subscribers 2.11.21.CSV", and "Homecare Practice Group Brochure Draft – c.docx".

polsinelli.com

Atlanta　　Boston　　Chicago　　Dallas　　Denver　　Houston　　Kansas City　　Los Angeles　　Miami　　Nashville　　New York
Phoenix　　St. Louis　　San Francisco　　Seattle　　Silicon Valley　　Washington, D.C.　　Wilmington
Polsinelli PC, Polsinelli LLP in California

77469502.1



David S. Elkins, Esq.
April 5, 2021
Page 2

Mr. Spinola's email of February 12, 2021 was sent to Melissa Mann, Larissa Kruzel, Frank Patry and Will Vail. Patry forwarded that email and attachments on February 13 to administrative staff members Rene Evans, Aisha Soderberg, Chelsea Stone, Ron Paquette, Jennifer Bartley, Samantha Liu, Rose Moran and Shea Brakefield, under the heading "Transition Documents." These documents were not shared with any Polsinelli lawyer other than Will Vail. I can confirm that these documents have only been used for the purpose of checking conflicts and will not be used by Polsinelli to solicit clients or to set rates or prices for any of our services.

We are, of course, mindful of your request with regard to the litigation preservation of documents and as a result have not altered the native files in any way.

**Corridor.** We appreciate the background information you provided regarding Corridor. Obviously we cannot comment on many of the facts you included in your letter as we are not privy to the inner-workings of Littler or Littler's agreements with Corridor, including payment terms and other arrangements.

I understand that Corridor provides home health and hospice providers a variety of products and services, including eLearning opportunities, job descriptions, home health operations manuals, audit tools, licensing assistance or information, and various other employment- and operations-related policies and procedures. I also understand that Mr. Spinola and his team were working with a group of clients to develop highly-detailed, home care specific employment law summaries for home care and hospice providers in all 50 states. We further understand this project began before Mr. Spinola decided to move to Polsinelli, the summaries were still in the process of being completed, and the summaries were not rolled out by the time of his departure and have never been rolled out. We also understand only Littler – not Corridor – has access to these "employment guides." Our investigation confirms members of the Spinola team did not bring copies of those documents with them to our firm, and Polsinelli does not possess or have access to the employment guides.

We also understand Corridor is independently developing a database of information that allows home care companies to access a summary of laws related to state licensing. While we understand from Mr. Spinola that the original intent was to combine Corridor's work product with the state and industry specific employment law summaries to provide a comprehensive view of both the regulatory and employment law framework in each state, Littler's position with respect to the ownership of the employment law guides has altered those plans. The employment law summaries currently reside solely with Littler, which should resolve the concerns raised in your letter. The licensing database being developed by Corridor belongs to Corridor (not Littler).



David S. Elkins, Esq.
April 5, 2021
Page 3

You asked that we provide additional information to you related to a meeting between Corridor and several staff members at Polsinelli. I understand an "Introduction to Corridor" meeting (labeled as such) occurred on February 1, 2021. I understand the meeting consisted of basic introductions, a description of Corridor's business offerings, and a discussion related to Corridor's business and technology platform. No proprietary information was shared by either party during or after that meeting.

As you know, Polsinelli has a large and robust health care practice, and already serves many clients in the Home Healthcare space. Although Polsinelli has not purchased any products or services from Corridor, or signed a contract to work with Corridor, it is certainly possible that our firm will work with Corridor to make Corridor's broad range of services available to our clients. If Littler claims Corridor has or is selling Littler's proprietary information improperly, we trust Littler will raise that issue with Corridor.

Very truly yours,

Douglas S. Laird
Polsinelli PC General Counsel

DSL:aky

77469502.1

# EXHIBIT B



Squire Patton Boggs (US) LLP
1230 Peachtree Street, NE
Suite 1700
Atlanta, Georgia 30309

O   +1 678 272 3200
F   +1 678 272 3211
squirepattonboggs.com


Dara D. Mann
T   +1 678 272 3221
dara.mann@squirepb.com

June 23, 2021


By email dlaird@polsinelli.com

Douglas S. Laird
Polsinelli PC
900 W. 48th Place
Suite 900
Kansas City, Missouri 64112

> **Re:  Angelo Spinola, Melissa Mann and Polsinelli PC**

Dear Mr. Laird:

As you are aware, we represent Littler Mendelson P.C. ("Littler") with regard to claims arising from Angelo Spinola's and Melissa Mann's departure from Littler to Polsinelli including, without limitation, a dispute regarding the ownership, transfer and use of Littler work product and intellectual property.  This letter follows your prior exchanges with David Elkins dated March 23, 2021 and April 5, 2021.

**POSH.**  In addition to the matters raised in Polsinelli's and Littler's prior exchanges, it recently has come to Littler's attention that Polsinelli, Mr. Spinola and/or Ms. Mann are actively marketing "a client platform (Polsinelli Online Solutions for Home Care "POSH") that provides [Polsinelli] home health, home care and hospice clients a source for industry information and template documents." (See attached webpage from Home Care Association of America.)  Littler is concerned that "POSH" may incorporate, in whole or in part, attorney work product created by Littler personnel including without limitation work product from Littler's own online Home Care Toolkit.  We ask that Polsinelli advise Littler as soon as possible of all measures undertaken by Polsinelli to ensure that POSH is not contaminated with any Littler documents, information or material (other than properly transferred client files).

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

Douglas S. Laird
June 23, 2021

**Prior Representations.**  Among other things, your April 5th letter to Mr. Elkins assured Littler that, following a good faith investigation, Polisnelli was in possession of only three documents[1] constituting Littler work product and that those documents were used solely to "run conflicts" and "prepare administrative staff" to support Mr. Spinola's client needs.  Your letter further assured that, to the extent Polsinelli may choose to work with Corridor, said collaboration would not involve any employment law guides for which Littler claims ownership but an "independent" database of information developed by Corridor.

We wish to confirm that the representations in your April 5th letter remain true as Polsinelli's launch of POSH raises questions about potential misuse of Littler's proprietary information.  Through this letter, Littler supplements its prior notice of claim.  Littler continues to reserve all rights for any unknown claims pending receipt of the information requested above, additional information previously requested and information yet to be ascertained or received.

We look forward to your prompt response.

Sincerely,

Squire Patton Boggs (US) LLP

*Dara D. Mann*

Dara D. Mann

Enclosure
cc:    George R. Wood
        David S. Elkins

---

[1] Specifically, Polsinelli acknowledged possessing the following three Littler documents: "Copy of Home Care Toolkit Subscription Database 2.12.21.XLSX," "Toolkit Subscribers 2.11.21.CSV," and "Homecare Practice Group Brochure Draft – c.docx."

Member Login | Become a Member



MEMBERSHIP RESOURCES        STATE CHAPTERS        EDUCATION/EVENTS        ADVOCACY/POLICY        ABOUT HCAOA

FIND A JOB

# Polsinelli

**CHAP** Community Health Accreditation Partner — NEW Home Care Standards for 2021 — Click Here to Learn More

Home

Search | Advanced Search | New Members | Coupons and Discounts | All Categories





Google

RMap data ©2021

**Related Categories**

Legal Services & Human Resources

Other >> Legal Services & Human Resources

201 S. Biscayne Blvd.
Suite 2800
Miami, FL 33131 | map | directions
⌂ Melissa Mann
▯ 305.921.1813

POLSINELLI

Visit Site

Polsinelli understands that you expect lawyers to be good legal technicians. Shouldn't you also expect legal advice grounded in strong business acumen? We understand your functional challenges and how your industry orientation shapes your strategic objectives. That is why we organize our experience logically around your business needs.

Polsinelli deploys legal technology platforms to support an environment of transparent communication and partnership with our clients. Our clients' time is valuable, and these solutions promote efficiency and clarity. As an example, we have developed a client platform (Polsinelli Online Solutions for Home Care "POSH") that provides our home health, home care and hospice clients a source for industry information and template documents.

Member Since: 2021

Send a message to:

☑ **Polsinelli**

Your Name:

Your Email:

Subject: Referral From HCAOA – 6/21/2021

Message:

I'm not a robot

reCAPTCHA
Privacy - Terms

SEND     CLEAR     (Date: 6/21/2021)

# EXHIBIT C



1401 Lawrence Street, Suite 2300, Denver, CO 80202 • (303) 572-9300

August 23, 2021

Sean R. Gallagher
(720) 931-1163
(720) 221-0837 Direct Fax
sgallagher@polsinelli.com

**By Email**

Dara D. Mann, Esq.
Squire Patton Boggs (US) LLP
1230 Peachtree Street, NE
Suite 1700
Atlanta, GA 30309

> **Re:   Angelo Spinola, Melissa Mann and Polsinelli PC**

Dear Ms. Mann:

Doug Laird asked me to respond to your letter of June 23, 2021. You write of a concern that the Polsinelli Online Solutions for Home Care ("POSH") platform may incorporate, in whole or in part, "attorney work product created by Littler personnel including without limitation work product from Littler's own online Home Care Toolkit." Further, you request that Polsinelli advise Littler whether POSH will contain "Littler documents, information, or materials other than properly transferred client files."

In responding to your concerns and request, Polsinelli assumes that all of documents transferred to it by Littler are part of a properly transferred client file (the "Transferred Documents"). Polsinelli understands from the March 30, 2021 email exchange between Mr. Elkins and Ms. Richardson that Littler will not "claw back" Transferred Documents and is not concerned about POSH containing Transferred Documents. Rather, Littler's concern is whether POSH will contain documents created by Littler personnel that were obtained in some manner other than as part of a client file transfer.

I am a shareholder in both the Labor & Employment and Commercial Litigation groups at Polsinelli and regularly advise clients on the protection of intellectual property. In early January 2021, I became involved in the discussions with Mr. Spinola and his team concerning a possible move to Polsinelli. At that time, I spoke with Mr. Spinola and explained to him the imperative that his departure and the departure of his team be conducted in such a way as to avoid the transfer of any documents from Littler, other than properly transferred client files transferred by Littler to Polsinelli. Mr. Spinola assured me that he and his team understood.

Atlanta    Boston    Chicago    Dallas    Denver    Houston    Kansas City    Los Angeles    Nashville    New York    Phoenix
St. Louis    San Francisco    Washington, D.C.    Wilmington
Polsinelli PC, Polsinelli LLP in California



August 23, 2021
Page 2


        In addition, I reviewed the pre-hire email communications between our firm and Mr.
Spinola and his team, which included documentation of efforts to analyze potential conflicts and
to effect a smooth transition.  On April 5, 2021 Mr. Laird wrote Mr. Elkins to advise him of three
documents that Polsinelli located that might be Littler work product.  Those documents have been
secured and are not being used by our firm.  Since that time, I have continued to monitor the on-
boarding of Mr. Spinola and his team members to make sure that no Littler documents (other than
Transferred Documents) have been received by our firm and put on POSH.  I also reviewed the
discussions with Corridor about development of content, and believe any such content does not
involve material that Littler has identified to be its proprietary property.

        Based on my review of the contents of POSH, discussions with the lawyers that are
working on that platform, and discussions with the lawyers that transferred from Littler, I believe
that there is nothing on Polsinelli's POSH system that was created by Littler personnel that were
obtained in some manner other than via a client file transfer initiated by Littler.

        You mention in the first paragraph of your letter a dispute between Littler and Mr. Spinola
regarding the "ownership, transfer and use of Littler work product and intellectual property."  As
explained above, it is Polsinelli's understanding that Littler has no objection to Polsinelli's use of
client files Littler transferred to Polsinelli which is consistent with our understanding that the client
files (including any which may also reside in Littler's HomeCare Toolkit) would not be subject to
copyright protection by Littler because they either belong to the clients, or are forms or originated
from a source other than Littler.  If, however, Littler takes the position that Polsinelli is somehow
restricted in the use of any of the documents Littler has transferred, then we cannot address those
concerns without Littler specifically identifying the transferred documents it claims to be Littler
original works subject to legal protection by Littler.  Without Littler specifically identifying such
documents, Polsinelli will rely upon Mr. Spinola's understanding as to the origin of the documents.

        Finally, I understand that Littler has failed to transfer complete client files for all of the
clients who requested that Littler transfer their complete files to Polsinelli. Littler's delayed and
incomplete transfer of client files remains a source of significant concern and is inconsistent with
Littler's responsibilities to these clients. Littler must transfer complete client files for all clients
who have requested such a transfer without further delay.



August 23, 2021
Page 3


       I trust that this letter adequately addresses the questions raised in your June 23 letter.  To the extent that you have any further questions, please do not hesitate to contact me.


                    Sincerely,

                    Sean R. Gallagher

SRG:lg

Cc:    James Berglund
       Doug Laird

# EXHIBIT D



Squire Patton Boggs (US) LLP
1230 Peachtree Street, NE
Suite 1700
Atlanta, Georgia 30309

O  +1  678 272  3200
F  +1  678 272  3211
squirepattonboggs.com


Dara D. Mann
T +1 678 272 3221
dara.mann@squirepb.com

August 26, 2021


**By email** **sgallagher@polsinelli.com**

Sean R. Gallagher
Polsinelli PC
1401 Lawrence Street
Suite 2300
Denver, Colorado 80202

**Re:  Angelo Spinola, Melissa Mann and Polsinelli PC**

Dear Mr. Gallagher:

This letter responds to your correspondence dated August 23, 2021.

First, Mr. Spinola's and Ms. Mann's violations of Littler policies, applicable state and federal laws, and apparently your own direction and advice should be of equal concern to Polsinelli as it is to Littler.  While Littler appreciates your representation that you advised Mr. Spinola in "early January 2021" of the importance of his team's departure being "conducted in such a way as to avoid the transfer of any documents from Littler, other than properly transferred client files transferred by Littler to Polsinelli," ***it is abundantly clear that neither Ms. Mann nor Mr. Spinola heeded that advice***.  On at least two occasions – January 23, 2021 and again on February 6, 2021 – Ms. Mann improperly transferred numerous Littler files to a personal thumb-drive, her personal laptop and her personal email account.  Similarly, on at least February 16, 2021, Mr. Spinola improperly transferred multiple Littler files to a personal storage device and personal email account.  All of said improper transfers were made without Littler's knowledge or authorization.  It is these improperly transferred documents that are the subject of Littler's inquiry with regard to POSH.  For the removal of any doubt, please confirm that POSH does not, has not and will not contain any of the documents improperly removed by Mr. Spinola and his team from Littler's premises and IT systems.

Second, Littler demands the immediate return of the "three documents" of Littler work product identified by Polsinelli in Mr. Laird's April 5, 2021 letter to Mr. Elkins and your August

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

010-9256-3869/1/AMERICAS

23, 2021 letter to me.  Please further confirm that any and all duplicates of said documents have been destroyed and any presence of the documents in your IT systems removed.

Finally, as you are aware, Mr. Spinola has undertaken an overly-expansive definition of "client files" and, while employed at Littler, his team chose to intermingle client and firm material on a separate drive and in a manner inconsistent with standard firm policy.   Littler has done its best to respond timely to numerous file transfer requests where the documents subject to the requests were neither properly identified nor properly stored by Mr. Spinola's team. To its knowledge, Littler has fully complied with its legal and ethical responsibilities to transfer all client files that it reasonably has been able to locate pursuant to properly executed client authorizations for same.  Moreover, Littler is unaware of any outstanding client request or concern with regard to allegedly incomplete or missing client information.

Sincerely,

Squire Patton Boggs (US) LLP

Dara D. Mann

cc:     Doug Laird
        George Wood
        David Elkins

2

# EXHIBIT E



1401 Lawrence Street, Suite 2300, Denver, CO 80202  •  (303) 572-9300

September 2, 2021

Sean R. Gallagher
(720) 931-1163
(720) 221-0837 Direct Fax
sgallagher@polsinelli.com

**By Email**

Dara D. Mann, Esq.
Squire Patton Boggs (US) LLP
1230 Peachtree Street, NE
Suite 1700
Atlanta, GA 30309

>     Re:     **Angelo Spinola, Melissa Mann and Polsinelli PC**

Dear Ms. Mann:

Thank you for taking the time on Monday to speak with James Berglund and me regarding the issues in your letter of August 26. I write today to respond to several of the questions that you posed and to reconfirm our understanding of what is currently at issue.

The first item we discussed on Monday was the three documents first identified in Doug Laird's letter to David Elkins of April 5, 2021. Those documents were sent by email to Polsinelli by Mr. Spinola on February 12, 2021 to enable Polsinelli to run a conflict check and to assist with the anticipated transition of Mr. Spinola and his team. Those three documents are named as follows: "Home Care Toolkit Subscription Database 2.12.21.XLSX", "Toolkit Subscribers 2.11.21.CSV", and "Homecare Practice Group Brochure Draft.docx". Copies of these native files are attached to the email transmitting this letter.

As Mr. Laird advised you on April 5, Mr. Spinola's February 12 email was sent to Melissa Mann, Larissa Kruzel, Frank Patry and Will Vail at Polsinelli. Mr. Patry forwarded the email and the attachments under the heading "Transition Documents" to the following members of the administrative staff: Rene Evans, Aisha Soderberg, Chelsea Stone, Ron Paquette, Jennifer Bartley, Samantha Liu, Rose Moran and Shea Brakefield.  As Mr. Laird indicated in his letter of April 5, these documents were not shared with any other Polsinelli lawyers other than Mr. Vail.

At least two of these documents also contain some pricing information for the pricing of the Littler Toolkit for certain clients or subscribers. As we represented on April 5 and confirmed on Monday, Polsinelli has not used any pricing information derived from these in determining our pricing strategy for POSH. Rather, the pricing for POSH was determined independent from the three documents based on information unrelated to any information contained therein.



September 2, 2021
Page 2

As Mr. Laird indicated in his letter of April 5 and we reiterated on Monday, we have taken steps to ensure that none of the information in the three documents identified above have been used by Polsinelli going forward. However, consistent with Littler's previous document preservation directive, we have not altered or deleted any copies of these emails or the attachments. Please let us know how you would like us to proceed with regard to these three documents and the related emails. Should you wish us to delete them from all of our servers and supply you with a certification confirming that deletion, we would be willing to do so.

On our call on Monday we also discussed Littler's concerns that its documents may have been downloaded to external media or otherwise exported by Mr. Spinola and/or members of his team while they were still employed at Littler. As we have stated previously, we have taken care to ensure that Polsinelli is not in possession of any documents from Littler other than the three documents identified above, and documents transferred by Littler as part of the client file transfer process. You indicated in the call on Monday that Littler has conducted an internal analysis of its computer systems and determined that Mr. Spinola transferred documents to external media on February 16, 2021. We asked you to provide us with a list of the documents that Littler believes might have been exported, and you indicated that you would follow up with Littler to determine whether that can be accomplished. If Littler is willing to provide us with a list of file names and other identifying information for documents that it believes might have been improperly exported, we will undertake to search our systems to confirm that those documents are not in our possession.

Our conversation then turned to POSH and the documents provided by Littler to Polsinelli in response to client file transfer instructions. As we stated, Polsinelli lawyers intend to use those documents in connection with our ongoing representation of the clients that instructed Littler to transfer the documents. The transferred documents may be stored on POSH as part of a document repository for those clients or reside on POSH in the form of a template designed to provide information and forms for clients and subscribers. Polsinelli also intends to use the documents transferred to it by Littler for representation of other clients consistent with the long-standing industry practice in which lawyers use documents utilized for one client as a base for creating documents to be utilized for different clients – whether it be by posting versions of those documents to POSH to be accessed by different clients and their designees or otherwise.

On Monday we also discussed our concerns about what we believe is the failure by Littler to supply complete copies of their client files for clients who have requested the transfer of their files. For example, we understand that incomplete file transfers were made with respect to the following clients who transferred to Polsinelli: BrightStar Group Holdings, Fairfield Healthcare Services, Griswold Home Care, HouseWorks, LLC, Intrepid, Care.com, CK Franchising, SYNERGY HomeCare, the National Association of Home Care and Hospice, the Private Duty Home Care Association, BrightSpring, Right at Home, Capital Home Care, Visiting Angels,



September 2, 2021
Page 3

Living Assistance Services, Trego Financial Inc., and several others. In addition, there have instances in which Littler has failed to transfer documents that were apparently segregated from the client file until the client issued a demand for the missing client files. For example, Littler withheld hundreds of client files from Care.com, requiring the client to make numerous demands for the files. Ultimately, the improperly withheld files were transferred but only after multiple demands.

    On some occasions, Littler produced a spreadsheet relating to the file transfer that specifically identified which documents were excluded from the client's transferred file. These spreadsheets, which we believe exist for every transferred client file, allow us to identify which client files have been removed and to determine whether a particular file transfer is complete. These incomplete file transfers, coupled with Littler's failure to provide adequate notice to many of the active clients Mr. Spinola and his team identified as those needing notice, have resulted in several client service issues. As such, we ask that you provide us with this index for each transferred file to allow us to assess the completeness of the other file transfers and include the same with future file transfer requests that Littler receives. Please provide us with these indexes by September 10th. We also understand that Littler has withheld transfer of Mr. Spinola's personal files and the personal files of several members of his team for approximately six months. The basis for Littler's decision to continue to withhold these materials is unclear and we ask that they be transferred to Mr. Spinola and his team members immediately.

    We appreciate the constructive dialogue that we had on Monday in our telephone call, and we readily except your suggestion that the dialogue continue. Please let us know if you have any further questions regarding any of the issues that we discussed. We also look forward to identification by you of how we should handle the three spreadsheets identified in Mr. Laird's April 5 letter. As always, should you have any questions, please do not hesitate to contact me.

                            Sincerely,

                            Sean R. Gallagher

SRG:lg

cc:    James Berglund
       Doug Laird

# EXHIBIT F



SQUIRE PATTON BOGGS

Squire Patton Boggs (US) LLP
1230 Peachtree Street, NE
Suite 1700
Atlanta, Georgia 30309

O  +1 678 272 3200
F  +1 678 272 3211
squirepattonboggs.com


Dara D. Mann
T +1 678 272 3221
dara.mann@squirepb.com

September 7, 2021

**By email sgallagher@polsinelli.com**

Sean R. Gallagher
Polsinelli PC
1401 Lawrence Street
Suite 2300
Denver, Colorado 80202

**Re:  Angelo Spinola, Melissa Mann and Polsinelli PC**

Dear Mr. Gallagher:

This letter responds to your correspondence dated September 2, 2021 and summarizes the discussion during our call this morning.

Littler appreciates any effort from Polsinelli to assist with the identification and return of the firm documents improperly transferred or removed by Angelo Spinola and Melissa Mann prior to their departure from Littler to join Polsinelli.  Toward that end, Littler encloses with this letter the "Download File Lists" identifying the files and documents now known to have been removed without authorization from Littler's IT systems.  As we discussed, these lists have been designated ATTORNEYS' EYES ONLY and should be shared within Polsinelli only to the extent necessary and for the limited purpose of allowing Polsinelli's IT professionals to ensure the listed files are not present on Polsinelli's IT systems and, if they are, that they are immediately segregated and access limited to Polsinelli's General Counsel.  As we discussed, this access should not include Mr. Spinola or any other lawyer who has joined Polsinelli from Littler.  As stated in our call, these lists are <u>not</u> comprehensive as Littler requires a full forensic analysis of Spinola's and Mann's applicable personal devices and email accounts to ensure the identification and return of any and all Littler information improperly transferred or removed by them.  We appreciate your efforts to assist us with attaining that goal, hopefully, without resort to litigation.

With regard to the three documents Mr. Spinola provided to Littler purportedly for the purpose of conducting "a conflict check," please continue to preserve in anticipation of litigation the spreadsheet entitled "Home Care Toolkit Subscription Database 2.12.21.XLSX."  Please also

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

010-9260-4753/2/AMERICAS

Squire Patton Boggs (US) LLP

Sean R. Gallagher
September 7, 2021

continue to limit any access to said document by Polsinelli employees including, without limitation, Mr. Spinola and his team.  As we discussed, this spreadsheet contains Littler's confidential client pricing information, and Mr. Spinola unquestionably breached his fiduciary duties by providing the information to Polsinelli while still a Littler shareholder.  As to the other two documents entitled "Toolkit Subscribers 2.11.21.CSV" and "Homecare Practice Group Brochure Draft.docx," Littler requests that Polsinelli delete these two documents and provide it with a certification confirming the documents have been purged from Littler's IT systems.

Finally, as stated in our call, it is Littler's standard practice to provide a spreadsheet identifying all documents being transferred along with the actual documents when responding to a client file transfer request.  To Littler's knowledge, it has provided such a file to each client who has requested a transfer of files.  The one spreadsheet you identified during the call was, as we discussed, one that was created specifically because the client in question had requested documents off of Littler's toolkit.  Also, as we discussed, given the manner in which Mr. Spinola chose to store documents while at Littler, the process of identifying client files was made more laborious than it should have been had he used Littler's document management system.  To Littler's knowledge, it has responded fully to all client transfer requests received, including providing both the requested files and the subject spreadsheets directly to said clients.

Sincerely,

Squire Patton Boggs (US) LLP

Dara D. Mann

Enclosure
cc:     James Berglund
        George Wood
        David Elkins

2